UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAMON LUIS VALENTINE,

        Petitioner,

vs.                              Case No. 3:05-cv-272-J-20HTS

JAMES V. CROSBY, et al.,

        Respondents.

## ORDER

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254. Upon review of the record, it is clear that Petitioner has a motion to correct an illegal sentence pending in state court concerning the challenged conviction. Furthermore, Petitioner states that he will seek leave to amend his Petition to add the claim currently pending in his motion to correct an illegal sentence after he exhausts that claim. See Amended Response to Court Order (Doc. #12), filed June 3, 2005, at 1, 3. Petitioner requests the Court to "hold his Petition 'in abeyance' til [sic] an opinion is rendered in his 3.800(a) motion and all remedies [are] exhausted." Id. at 4.

> When a district court is presented with a federal habeas corpus petition raising only exhausted claims, the court is not required to grant a continuance if the petitioner has other claims still pending in state court. *Thompson v. Wainwright*, 714 F.2d 1495, 1500 (11th Cir. 1983). The court can treat the petition and motion for continuance as, in effect, presenting a mixed petition and dismiss it. *See Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198, 1203-04, 71 L.Ed.2d 379 (1982). In the alternative, the petitioner can waive his right to federal habeas corpus relief on the unexhausted claims.

*Arango v. Wainwright*, 739 F.2d 529, 530 (11th Cir. 1984) (per curiam), *cert. denied*, 469 U.S. 1127 (1985).

In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Petitioner's claim(s). Petitioner was given the opportunity to abandon the unexhausted claim(s) and was notified that his failure to do so would result in the dismissal of this action; however, Petitioner did not elect to abandon his unexhausted claim(s). Thus, this case will be dismissed without prejudice to give Petitioner the opportunity to exhaust his state court remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A).

Accordingly, it is now

**ORDERED:**

1. This case is dismissed without prejudice.

2.   The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this __13__ day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 6/10
c:
Ramon Luis Valentine

3